IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LARRY MCDANIEL, : <br> : <br> Plaintiff, : <br> :     CIVIL ACTION FILE NO: <br> v. :     _____ <br> : <br> DECATUR COUNTY, GEORGIA, : <br> :     **DEMAND FOR JURY TRIAL** <br> Defendant. : <br> : | |

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, Larry McDaniel, and pursuant to 29 U.S.C. § 201, *et seq.*, the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and files this his Complaint for Damages against Decatur County, Georgia, and shows in support thereof the following:

1.

Larry McDaniel is over the age of eighteen years, otherwise sui juris, and a resident of Decatur County, Georgia.

2.

Decatur County, Georgia (the "County") is a duly formed and existing county in the State of Georgia, and is located in the Albany Division of the United States Middle District of Georgia.

3.

The Decatur County Public Works Department ("PWD") is a department of the County, and engages, among other things, in maintaining and constructing roads in the County, as well as "keeping dirt roads and ditches clean and in good condition, resurfacing paved roads, filling and patching pot holes, removing debris from highway, highway-side landscaping, and traffic control

during road maintenance. Emergency road operations in the County are often referred to Public Works."

4.

Dennis Medley ("Medley") is the director of the PWD.

5.

This action is brought pursuant to the FLSA. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." The FLSA defines "public agency" to include any political subdivision of a state.

6.

Larry McDaniel was at all times pertinent to this action, for purposes of the FLSA, an "employee" of the County.

7.

Mr. McDaniel was hired by the County on August 15, 2005, and his employment was terminated on February 2, 2016.

8.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 2201.

9.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Defendant resides in the United States Middle District of Georgia, and the events or omissions giving rise to the claims brought herein occurred in said District.

10.

Mr. McDaniel regularly worked hours for which he received no compensation.

11.

Mr. McDaniel regularly worked in excess of forty hours per week.

12.

The County did not pay Mr. McDaniel compensation for all of the overtime worked.

13.

The County did not pay Mr. McDaniel an overtime premium for all hours worked in excess of forty hours per week.

14.

The County did not provide compensatory time off for all hours worked in excess of forty hours per week.

15.

The County failed to maintain accurate records of the hours worked by Mr. McDaniel.

16.

Indeed, the County falsified Mr. McDaniel's time records to attempt to conceal the fact that the County was robbing Mr. McDaniel of regular time pay to which he was entitled.

17.

Additionally, the County falsified Mr. McDaniel's time records to attempt to conceal the fact that the County was robbing Mr. McDaniel of the overtime pay to which he was entitled.

18.

Mr. McDaniel also supervised inmates on a regular basis.

19.

Mr. McDaniel's responsibilities with respect to the inmate supervision continued through and included Mr. McDaniel's lunch hour, although the County refused to pay Mr. McDaniel for the lunch period.

20.

The County was at all times aware that Mr. McDaniel regularly worked hours for which he was not compensated.

21.

The County was at all times aware that Mr. McDaniel regularly worked in excess of forty hours per week.

22.

The County was at all times aware that it was not paying Mr. McDaniel compensation for all of the overtime worked.

23.

The County was at all times aware that it was not paying Mr. McDaniel an overtime premium for all hours worked in excess of forty hours per week.

24.

The County was at all times aware that it was not providing compensatory time off for all hours worked in excess of forty hours per week.

25.

The County was at all times aware that it was failing to maintain accurate records of the hours worked by Mr. McDaniel.

26.

Indeed, the County was at all times aware that it was falsifying Mr. McDaniel's time records to attempt to conceal the fact that the County was robbing Mr. McDaniel of the overtime pay to which he was entitled.

27.

The County was at all times aware Mr. McDaniel also supervised inmates on a regular basis.

28.

The County was at all times aware that Mr. McDaniel's responsibilities with respect to the inmate supervision continued through and included Mr. McDaniel's lunch hour, although the County refused to pay Mr. McDaniel for the lunch period.

29.

The County willfully forced or allowed Mr. McDaniel to regularly work hours that were not recorded, not properly recorded, or that were erased from his time records.

30.

The County willfully failed and refused to pay Mr. McDaniel compensation for all hours worked.

31.

The County willfully forced or allowed Mr. McDaniel to regularly work in excess of forty hours per week.

32.

The County willfully failed and refused to pay Mr. McDaniel an overtime premium for all hours worked in excess of forty hours per week.

33.

The County willfully failed and refused to provide to Mr. McDaniel compensatory time off for all hours worked in excess of forty hours per week.

34.

The County willfully failed and refused to maintain accurate records of the hours worked by Mr. McDaniel.

35.

Indeed, the County intentionally falsified Mr. McDaniel's time records to attempt to conceal the fact that the County was robbing Mr. McDaniel of the pay to which he was entitled for all hours worked.

36.

Indeed, the County intentionally falsified Mr. McDaniel's time records to attempt to conceal the fact that the County was robbing Mr. McDaniel of the overtime pay to which he was entitled.

37.

The County forced Mr. McDaniel to supervise inmates on a regular basis.

38.

Mr. McDaniel's responsibilities with respect to the inmate supervision continued through and included Mr. McDaniel's lunch hour, and the County willfully failed and refused to pay Mr. McDaniel for the lunch period.

39.

The County's failure to compensate Mr. McDaniel for all hours worked was unlawful.

40.

The County's failure to compensate Mr. McDaniel for all hours worked in excess of forty hours per week was unlawful.

41.

The County's failure to pay Mr. McDaniel an overtime premium for all of the overtime worked was unlawful.

42.

The County's failure to provide compensatory time off for all hours worked in excess of forty hours per week was unlawful.

43.

The County's failure to maintain accurate records of the hours worked by Mr. McDaniel was unlawful.

44.

The County's falsification of Mr. McDaniel's time records was unlawful.

45.

The County's failure to compensate Mr. McDaniel for the lunch periods during which he was supervising inmates was unlawful.

**COUNT I: VIOLATION OF THE FLSA**
**FAILURE TO PAY WAGES FOR ALL HOURS WORKED**

46.

The allegations set forth in Paragraphs 1 through 45 above are hereby incorporated by reference as if fully set forth herein.

47.

The County's failure to pay wages to Mr. McDaniel for all hours worked was a violation of the FLSA.

48.

The County's failure to pay wages to Mr. McDaniel for all hours worked was willful within the meaning of the FLSA.

49.

The County's failure to comply with the mandates of the FLSA was the proximate cause of damages to Mr. McDaniel.

50.

The damages to Mr. McDaniel caused by the County's failure to comply with the mandates of the FLSA are compensable pursuant to the FLSA.

51.

The damages to Mr. McDaniel caused by the County's failure to comply with the mandates of the FLSA entitle Mr. McDaniel to all damages available pursuant to the FLSA, including but not limited to wages owed, liquidated damages, interest, and attorneys' fees.

### COUNT II: VIOLATION OF THE FLSA
### FAILURE TO PAY OVERTIME WAGES

52.

The allegations set forth in Paragraphs 1 through 45 above are hereby incorporated by reference as if fully set forth herein.

53.

The County failed to pay overtime wages to Mr. McDaniel in violation of the FLSA.

54.

The County's failure to pay overtime wages to Mr. McDaniel was willful within the meaning of the FLSA.

55.

The County's failure to comply with the mandates of the FLSA was the proximate cause of damages to Mr. McDaniel.

56.

The damages to Mr. McDaniel caused by the County's failure to comply with the mandates of the FLSA are compensable pursuant to the FLSA.

57.

The damages to Mr. McDaniel caused by the County's failure to comply with the mandates of the FLSA entitle Mr. McDaniel to all damages available pursuant to the FLSA, including but not limited to wages owed, liquidated damages, interest, and attorneys' fees.

## COUNT III: VIOLATION OF THE FLSA
## RIGHT TO ATTORNEYS' FEES, COSTS, AND EXPENSES

58.

The allegations set forth in Paragraphs 1 through 57 above are hereby incorporated by reference as if fully set forth herein.

59.

Mr. McDaniel is entitled to payment from the County of reasonable attorneys' fees, costs, and expenses pursuant to the provisions of the FLSA and other applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE Mr. McDaniel prays as follows:

1. That the Court provide for issuance of summons to the defendant County;

2. That there be a finding that the defendant County violated the FLSA;

3. That there be a finding that the defendant County's violations of the FLSA were willful;

4. That there be a judgment to Mr. McDaniel, awarding all available damages pursuant to the FLSA and other applicable law;

5. That Mr. McDaniel recover of the defendant County special damages in an amount to be proven at trial;

6. That Mr. McDaniel recover of the defendant County nominal damages in an amount to be proven at trial;

7. That Mr. McDaniel be awarded reasonable attorneys' fees, costs, and expenses;

8. That the Court grant such further relief as the Court finds proper.

**WHEREFORE, Plaintiff demands a trial by jury as to all issues so triable.**

Respectfully submitted this 22nd day of June, 2016.

                              WATSON SPENCE LLP
                              Attorneys for Plaintiff

BY:   /s/ Louis E. Hatcher
         Louis E. Hatcher
         Georgia State Bar Number: 337342
         /s/ Alfreda L. Sheppard
         Alfreda L. Sheppard
         Georgia State Bar Number: 525106
         Post Office Box 2008
         Albany, Georgia 31702-2008
         (229) 436-1573 Telephone

               (229) 436-6358 Facsimile
               Lhatcher@watsonspence.com
               Asheppard@watsonspence.com